ELIZABETH S. SCHUMACHER, complainant-appellant,

*v.*

HOWARD SAVINGS INSTITUTION et al., defendants-respondents.

[Submitted October term, 1941.   Decided January 9th, 1942.]

*Mr. David T. Wilentz* and *Mr. Elias A. Kanter,* for the appellant.

*Messrs. Pitney, Hardin & Skinner* (*Mr. Frederick Frelinghuysen,* of counsel), for the respondent Howard Savings Institution.

*Mr. Walter E. Cooper,* for the respondent and cross-appellant, City Bank Farmers Trust Company, executor, &c.

*Messrs. Child, Riker, Marsh & Shipman* (*Mr. Irving Riker,* of counsel), for the respondents Florence S. Dawson et al.

*Messrs. Young, Shanley & Foehl* (*Mr. Bernard M. Shanley, 3d.,* of counsel), for the respondent Clara Schrick, individually and as executrix, &c.

*Mr. A. Robert Rothbard,* for the respondent Nancy Reardon.

Per Curiam.

We concur in the view of the learned Vice-Chancellor that the provisions of the tenth paragraph of the will under review do not contravene the rule against perpetuities, and generally for the reasons stated in his opinion. The construction given these provisions effectuates what we conceive to be the testator's declared intention; and, in that view, the rule against perpetuities plainly has no application. We have no occasion to determine whether the adoption of the construction contended for by appellant would render the provisions violative of that rule.

And we are also in accord with the holding that the testator did not die intestate as to one-eighth of the residuary estate, since one of the class, Emma L. Schrick, died prior to the period of distribution without leaving a child or children. It is unnecessary to decide whether her undivided interest passed to her executor, as the Vice-Chancellor concluded, or to the remaining members of the class by right of survivorship as joint tenants; and the question is reserved. Those who would be benefited by a holding of joint tenancy have not appealed, although the ruling below serves to diminish their aggregate estate by approximately $60,000.

Nor was there intestacy as to the annual income in excess of $10,000. The will has been properly construed in this regard. In this view, there is no need to pass upon the contention made by the executor of Stella S. Cockran, deceased, that the counsel fee, costs and disbursements should have been charged against the "corpus, or against the corpus and income proportionately, and not against the so-called 'accumulated' income." The appellant is without interest in the fund.

The decree is affirmed.

*For affirmance*—The Chief-Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ. 14.

*For reversal*—None.